JjGREMILLION, Judge.
Lillian Faye Nash appeals the trial court’s judgment interdicting her as urged by her brother, Thurman Nash. For the following reasons, we reverse and remand.
FACTUAL AND PROCEDURAL BACKGROUND
The facts of this case are not in dispute. Thurman filed a petition for interdiction in November 2000. A short hearing was held on January 16, 2001, at which Thurman was the only party to testify. The trial court granted the interdiction and named Thurman curator. A judgment of interdiction was entered on March 1, 2001, stripping Lillian of her legal rights.
ASSIGNMENTS OF ERROR
Lillian assigns as error:
(1)The trial court’s lack of jurisdiction because she was not properly served with the petition and citation in accordance with La. Code Civ.P. art. 4544 et seq. and La.R.S. 13:3471.
(2) The trial court’s grant of a judgment of full interdiction when it was aware that Lillian did not have adequate legal representation.
(3) The trial court’s grant of a judgment of full interdiction when there was insufficient evidence to support such a finding.
SERVICE OF PROCESS AND CITATION
Lillian urges that the judgment interdicting her is an absolute nullity because she was not adequately served. We agree.
The record reveals that Thurman’s original petition in November 2000 requested “personal service only” of Lillian. A citation of service in the record indicates that “personal service on the party herein named Lillian Faye Nash through | ¡.Joseph Martinez” was made on November 30, 2000. Martinez’s connection to Lillian is not reflected in the record. Shortly thereafter, on December 19, 2000, Thurman filed a motion to appoint a curator urging that Lillian had been previously served and that the delays for answering had passed. Thus, he requested that an attorney be appointed to represent Lillian’s interests. The trial court appointed attorney Asa A. Skinner to represent Lillian on December 19, 2000, and set the matter for trial on January 16, 2001. Service of citation was made upon Skinner on December 22, 2000.
La.Code Civ.P. art. 4544 sets forth the requirements of service of process in an interdiction proceeding:
Citation and service of process upon the defendant shall be made as in ordinary proceedings. If the defendant makes no appearance through an attorney, the court, after the expiration of the delay for answering, shall appoint an attorney to represent the defendant, *1273 upon whom citation and a copy of the petition shall be served.
In an ordinary proceeding service of citation may be personal or domiciliary. La. Code Civ.P. art. 1231. “Personal service is made when a proper officer tenders the citation or other process to the person to be served.” La.Code Civ.P. art. 1232. “Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment.” La. Code Civ.P. art. 1234.
The November 2000 citation of service was not personal as it was not tendered to Lillian and it cannot be determined if it was domiciliary from the record. The citation shows Lillian’s address as the Leesville Developmental Center which is referred to in the record as the “State School” where Lillian receives twenty-four hour 1 asupervision. However, the record is silent as to Martinez’s relationship to Lillian or the Developmental Center. There is no evidence that Martinez is a person of suitable age and discretion residing in Lillian’s domiciliary establishment. Thus, the original attempt to serve Lillian was not made as in ordinary proceedings and, therefore, is inadequate. Accordingly, the subsequent service of process on Skinner is insufficient. Article 4544 envisions an initial service of process on the defendant and an opportunity for her to retain counsel of her choice and to answer the petition. The failure to answer or otherwise appear timely then allows the court to appoint an attorney to represent the defendant. In this case, because service of process on Lillian was insufficient, the appointment of Skinner was premature.
Thurman briefly urges that, because a declinatory exception of insufficient service was not timely filed, it is therefore waived. See La.Code Civ.P. art. 925. We disagree. Skinner filed an answer on January 1, 2001, which did not contain an objection to citation or service of process. However, as we have previously stated, Skinner’s appointment was without effect as the original service of Lillian was inadequate. Therefore, Skinner’s failure to object to the sufficiency of service of process did not result in a waiver. Thus, we find that the judgment of interdiction is an absolute nullity in accordance with La.Code Civ.P. art. 2002(A)(2), which provides that a final judgment shall be annulled if rendered “[a]gainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction.”
CONCLUSION
The judgment interdicting Lillian Faye Nash is absolutely null. This matter is remanded to the trial court for proceedings consistent with this opinion. |4Costs of this appeal are assessed against the plaintiff-appellee, Thurman Nash.
REVERSED AND REMANDED.